IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

GLEN ROGERS,  )
 )
    Plaintiff, ) 11-cv-1404
 )
vs. ) Judge Joe Billy McDade
 ) Magistrate Judge John A. Gorman
MID AMERICAN OPPORTUNITY RESEARCH )
ENTERPRISES, INC. d/b/a M.O.R.E., INC., )
 )
    Defendant. )

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Glen Rogers brings this action to secure redress from unlawful marketing practices engaged in by defendant Mid American Opportunity Research Enterprises, Inc. d/b/a M.O.R.E., Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff Glen Rogers is an individual who resides in the Central District of Illinois.

6. Defendant Mid American Opportunity Research Enterprises, Inc. d/b/a M.O.R.E., Inc. is a Kansas corporation with principal offices located at 305 East Main Street,

1

Goessel, Kansas 67053.

## FACTS

7. Between August 2010 and December 2011, plaintiff received numerous automated telephone messages on his cell phone, one of which was as follows:

> **Your final reminder to join (unintelligible) in just about one hour from now on an important phone call that could change your health and wealth forever. You'll discover what experts call the number one cause of all disease and about a brand new system that lets you cash in by giving away free trials on an amazing product that Dr. Rich Anderson called "the most impactful product I've seen in over 30 years." And just for being on the call today, remember that EJ will give you a free trial of this amazing product and opportunities. The call here is, like I said, in about an hour at 9am Pacific, 10am Mountain, 11am Central, and 12 noon Eastern. The call details are as follows, the dial-in number is 507 726-3300, and the pass code to get on the call is 9151#. That's 507 726-3300 and the pass code is 9151#. If you'd like to hear this message again"(call cuts off.)**

8. The call was placed from 620-367-2600.

9. The 620-367-2600 number is issued to defendant.

10. The other calls were similar in that they advertised business opportunities and schemes to become wealthy.

11. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a representative of the caller.

12. Plaintiff did not authorize the automated placement of calls to his cell phone.

13. Plaintiff did not furnish his cell phone number to defendant.

14. Plaintiff is entitled to statutory damages.

15. Defendant violated the TCPA even if its actions were only negligent.

16. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

17. Plaintiff incorporates paragraphs 1-16.

2

18. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>
> > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

19. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone without his consent.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

> (1) Statutory damages;

3

(2)   An injunction against further violations;

(3)   Costs of suit;

(4)   Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

    I, Daniel A. Edelman, hereby certify that on _____, 2012, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties via electronic mail:

M. Lee Thompson
lthompson@tslawfirm.com

William R. Kohlhase
william.kohlhase@mhtlaw.com

              _____
              Daniel A. Edelman